Richman *v.* Richman.

But in the present case, there is another reason why the defendant cannot avail himself of this doctrine. He claims title under a judgment and sheriff's sale. There was a title passed by that sale, or there was not. If there was not, the plaintiff is entitled to recover by virtue of the title derived under the deeds from the Van Giesons. If there was, if the equity of redemption was passed to Margaret Mead, it did not remain in the Van Giesons, and consequently was not conveyed by them to Burhans, and if not conveyed to Burhans, his mortgage title could not sink and merge in it. It therefore exists, and is sufficient to enable the plaintiff to recover.

Judgment for plaintiff.

ADMINISTRATORS OF THOMAS RICHMAN *against* DANIEL RICHMAN, EXECUTOR OF DAVID RICHMAN.

### IN DEBT.

The statute of limitations begins to run, and is to be computed only from the time of payment, and not from the date of the bond,[*]

If in an action of debt on a bond, with a penalty to secure the payment of money only, the defendant pleads payment, and gives notice of set off, and any part of the debt has been paid, it is proper for the jury to specify, by their verdict, the exact balance due the plaintiff, although the judgment must be rendered for the penalty.

This action was brought to recover the penalty of a bond, dated March 29, 1799, conditioned for the payment of £100, in ten annual installments of ten pounds each ; the first payable on the first day of June, 1800. The condition of the said bond is in the words following, viz. "The condition of this obligation is such, that if the above bound David Rich-

---

[*] NOTE.—In the case of *Thorpe* v. *Coombe,* 8. *Dowling,* and *Ryland's, Rep.* 347, where a promissory note was made payable "two years after demand," it was held that the statute of limitations, did not begin to run, until the two years after demand had elapsed.

man, his heirs, executors, or administrators, do and shall well and truly pay, or cause to be paid, unto the above named Thomas Richman, his executors, administrators, or assigns, the full sum of one hundred pounds of lawful money of this state; the payments to be as follows: That on the first day of June one thousand eight hundred, the said David Richman is to pay ten pounds with lawful interest, and so to continue the payments for ten years, ten pounds yearly, with the lawful interest of that sum yearly, then this obligation to be void, or otherwise to be and remain in full force and virtue."

The defendant pleaded. 1. *Non est factum.* 2. That the action did not accrue within sixteen years. And 3. Payment with notice of set off.

The jury found a verdict for the plaintiffs, and assessed the damages at $533.

A rule to shew cause why the verdict should not be set aside, was granted.

*Dayton,* for the plaintiff, argued against the rule.

*Jeffers,* for the defendant.

EWING, C. J. The reasons assigned by the counsel of the defendant, for setting aside the verdict in this case are, that it is 1*st.* Against law. 2*dly.* Against evidence. And 3*dly.* Against the charge of the judge.

1. Against the law of the case. The action was brought by process returnable to the term of May, 1822, on a bond dated March 29th, 1799, conditioned for the payment of £100, in ten annual installments, of £10 each, with interest, the first of which was to be paid on the first day of June, 1800.

One of the pleas was, that the cause of action of the plaintiffs did not accrue within sixteen years next before the commencement of the suit; upon which issue was joined; and on this issue, the verdict was found for the plaintiffs.

The first payment mentioned in the condition of the bond, was to have been made on the first of June, 1800; the others in the succeeding years; and the last on the first day of June, 1809, and consequently, the times when four installments fell due, are within the period of sixteen years prior to the suing out of the writ.

If then, any cause of action on this bond, accrued within this period of sixteen years, the verdict on this bond is right.

The defendant's counsel contends, and in this, the error of the verdict in point of law consists, as he alleges, that the time mentioned in the statute of limitations begins to run, and is to be computed from the date of the bond and not from the times of payment.

This position is entirely unsound; the converse of the proposition is settled law; the period mentioned in the statute is to be counted from the time of payment, and not from the making of the promise. *Preckle* v. *Moor*, 1 *Ventr.* 191; *Anonymous*, 1 *Mod.* 89; *Sawkill* v. *Warman*, 10 *Mod.* 104; *Gould* v. *Johnson*, 2 *Lord Raymond* 838; *S. C.*, 2 *Salk.* 422; *Topham* v. *Braddick*, 1 *Taunt.* 571; *Holmes* v. *Kerrison*, 2 *Taunt.* 323; *Fenton* v. *Emblers*, 1 *W. B.* 353; *S. C.*, 3 *Burr.* 1281. In the former book, *Lord Mansfield* is reported to have said: "The statute proceeds upon the presumption of laches which can never happen until after the contingency is determined;" and in the latter report more explicitly. "No one can doubt, but that the bar only takes place from the time when the right accrued, and not from the time of making the promise." In *Wittersheim* v. *Carlisle*, 1 *H. B.* 635, the court speaking of a contract for the repayment of money at a specified time say, "until that contract was broken, there was no cause of action." If it be said, the cases to which I have referred arose on simple contracts and not on bonds or specialties, the reason is obvious, because in England no statute of limitations exists as to bonds; and the answer is plain and

satisfactory, the principle applies with equal propriety and force to a bond, as to a promissory note, or other simple concract. *Constructio ad principia refertur rei.* Another answer is afforded by our statute of limitations. It speaks of the condition of the obligation for the payment of money, and refers the period of time not to its date, but to the accrual of the cause of action. Indeed, the construction might almost deserve to be called absurd, which would make the time of limitation, which as *Lord Mansfield* said, proceeds on the idea of laches, to commence before the day, when the creditor could demand his money, and to be running while he is necessarily compelled to stand still.

It follows then, that the plaintiffs in this case did shew, that a cause of action accrued within 16 years, and the verdict on this head is right. But it is said the statute had run against some of the installments, as they were older than the term of sixteen years. This remark has no place in the consideration of this head, for if so, as some of the installments were within the term of sixteen years, there was notwithstanding a cause of action on the bond. The remark properly relates, and so far as the state of the case will enable us, is to be examined under the next reason assigned, to which I now proceed.

2. The verdict is against evidence. Here it is to be premised, that every reasonable presumption should be made in favor of the verdict; that the party complaining, is bound to make its error manifest; and that we are in our investigation to look for the facts to the transcript and postea and state of the case only; and by the state of the case, I mean to include those matters which are made part of it by proper references, and are exhibited to the court. The claim of the plaintiff was, as already mentioned, upon a bond. The defendant claimed a set off for moneys paid to the use of the plaintiff's testator, and also alleged a settlement between them to have taken place; in proof of which he produced an instrument of writing. This paper, it was

alleged on the other side, had been altered in a material part; and of this alteration some evidence, to say the least, was given; the question of alteration was properly before the jury, and without intending to insinuate any opinion as to the fact of alteration, there is no ground to believe that the verdict is against the evidence, The jury found there was due to the plaintiffs 533 dollars. As to the form of verdict in specifying a sum, it is proper to remark that our statute directs that where a defendant has pleaded payment and given notice of set off, if upon trial a bond with a penalty to secure the payment of money only shall be given in evidence for the plaintiff or defendant, the sum *bona fide*, and in equity due, and not the penalty shall be deemed and taken to be the debt due; and if it shall appear that any part of the debt or sum demanded has been paid or satisfied, then such part shall operate as a payment, and so far extinguish the said debt or sum, and the jury shall set off or discount so much as has been paid or satisfied, and find a verdict for the amount of the residue or balance; but if the action has been brought on a bond or obligation for the payment of money, and the plaintiff shall recover, judgment shall be entered for the penalty of the bond or obligation, to be discharged by the payment of the sum found by the verdict, with interest and costs, where costs ought to be awarded. Hence it was proper in this case, I speak merely of the form of the verdict at present, for the jury to find the sum due the plaintiff; and such course this court sanctioned in the case of *Smock* v. *Warford*, 1 *South* 306. With respect to the sum in the present case found by the jury, and its propriety and consistency with the evidence, we are unable to make a close or minute scrutiny. We have not the materials to make out a calculation and thus test the accuracy of the verdict. It appears from the state of the case that certain receipts were read in evidence to support the claim of set off; and some allowance must unquestion-

ably have been made on account of them; but neither in the state of the case, nor by any documents produced before us, nor even in the written arguments of the counsel of the parties, are we furnished with either dates or sums. If indeed no legal view of the fact, so far as they are disclosed to us, can lead to such a result as the jury has obtained, the verdict ought not to stand. But if without contravening any fact before us, such an amount might, on legal principles, be found, we are bound to presume it in the absence of any evidence to the contrary, and the verdict therefore cannot be disturbed. Our statute of limitations directing suits on obligations for the payment of money, to be commenced within sixteen years next after the cause of action shall have accrued, has this farther provision : " If any payment shall have been made on any such specialty, within or after the said period of 16 years, then an action instituted on such specialty, within 16 years after such payment, shall be good and effectual in law." Bearing this rule in mind, there is no difficulty in making a calculation and statement, which shall produce 533 dollars remaining due at the time of the trial, without violating any precept of the statute of limitations. Whether the dates and sums of this calculation would correspond with those contained in the receipts, I am unable to say, for, as already remarked, the dates and sums have not been stated to us. It is clear that they would not be contradicted by any fact exhibited to us. And this consideration is enough for the present, for before we are at liberty to set aside this verdict, we are required clearly to shew and distinctly to prove that it is inconsistent with the evidence.

It would be a source of deep regret, if we should not have been able to attain or decide the real merits of the controversy between these parties for want of a more full state of the case. It, however, ought to be observed that the paper before us was not drawn up by the judge who tried the

cause, but by the counsel of the defendant; and knowing his care and circumspection may we not fairly suppose he has made the most of his case?

I am not, therefore, satisfied that this verdict is against evidence.

3. The third reason is, that the verdict is against the charge of the court. The charge is not contained in the state of the case, and has not been in any way laid before us. This reason, therefore, is not sustained. In the brief of the defendant's counsel, by way of reply, two positions are mentioned which we may not pass unexamined. He says, there "is a plea of payment, and after 20 years it is sufficient to plead payment and rest on the presumption, for no action can be maintained on a bond after 20 years." The presumption, however, was always liable to be overcome by circumstances, and especially by proof of payments. But the vague and uncertain rule of the English courts, founded on a presumption of satisfaction, after a lapse of 20 years, is in this state supplied by a plain rule prescribed by act of the legislature, a definite period of sixteen years. No resort therefore, can be had to the doctrine of presumption. Nor, indeed, needs there be, for the statute will raise a bar before the presumption could operate.

The other position is, that the defendant was surprised on the trial, by an objection made to the date of the paper, containing the alleged settlement, which a new trial will enable him to explain; of this surprise there is no verification, and we are not at liberty therefore to give it consideration.

Let the rule to shew cause be discharged.

DRAKE, J. declined giving an opinion, stating that the cause had been submitted to the court on written arguments, copies of which had accidentally been prevented from reaching him before the present term.